IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID MARSHALL,

    Petitioner,

v.

STATE OF WISCONSIN,

    Respondent.

Case No. 13-cv-111-pp

**ORDER DENYING PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY (DKT. NO. 35) AND DENYING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL (DKT. NO. 35-1)**

On January 30, 2013, David Marshall, representing himself, filed a petition for *habeas corpus* relief. Dkt. No. 1. On January 4, 2016, the court denied and dismissed the petition, and declined to issue a certificate of appealability. Dkt. No. 27. On January 19, 2016, the petitioner filed a motion for extension of time to file a notice of appeal. Dkt. No. 29. The court construed the motion as the petitioner's notice of appeal, and directed the clerk's office to docket the motion as a notice of appeal. Dkt. No. 30. On January 19, 2016, the clerk's office filed the notice of appeal, Dkt. No. 31, and transmitted the notice and docket sheet to the United States Court of Appeals for the Seventh Circuit. Dkt. Nos. 33, 34. On January 25, 2016, the Court of Appeals sent back to this court the petitioner's request for a certificate of appealability, Dkt. No. 35, and his motion to proceed *in forma pauperis* on appeal, Dkt. No. 35-1. This order addresses both motions.

1

**CERTIFICATE OF APPEALABILITY**

On January 25, 2016, the petitioner filed a brief setting forth the claims on which his petition should move forward and asking the court to issue a certificate of appealability. Dkt. No. 35. The court interprets the bulk of this document as the petitioner's brief in support of his appeal. This document already has been filed on the docket for the Court of Appeals. See Marshall v. Foster, Case No. 16-1135 (7th Cir. Jan. 25, 2016). In the brief, the petitioner asks the court to "grant a Certificate of Appealability to prove that his constitutional rights [are] being violated by the state[]." Dkt. No. 35 at 3. The court interprets this as a motion asking the court to reconsider its January 4, 2016 order declining to issue a certificate of appealability. Dkt. No. 27.

An unsuccessful *habeas* petitioner does not have "an automatic right to appeal a district court's denial or dismissal of the petition." Miller-El v. Cockrell, 537 U.S. 322, 335 (2003). Rule 22(b) prohibits the petitioner from "tak[ing] an appeal unless a . . . district court judge issues a certificate of appealability under 28 U.S.C. §2253(c)." Fed. R. App. Proc. 22(b). See also Miller-El, 537 U.S. at 335. A court will issue a certificate of appealability "only if the prisoner has at least one substantial question for appeal." 28 U.S.C. §2253(c)(2). A petitioner makes a "substantial showing" by demonstrating that reasonable minds "could disagree with the district court's resolution of his constitutional claims or . . . could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327.

When the court denied the petition and dismissed the case, it also declined to issue a certificate of appealability, "[b]ecause the petitioner ha[d] not made a substantial showing of the denial of a constitutional right." Dkt. No. 27 at 22. The petitioner's brief does not include any new information or arguments demonstrating substantial showing of the denial of a constitutional right. Therefore, the court will deny his January 25, 2016 motion to reconsider the court's January 4, 2016 refusal to issue a certificate of appealability.

**MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS***

The petitioner also requests leave to appeal *in forma pauperis*, seeking to avoid paying the $505 appellate filing fee. Dkt. No. 35-1 at 5. The district court did not allow the petitioner to proceed *in forma pauperis* at the trial level, and he paid the fee on February 11, 2013.

Fed. R. App. Proc. 24 governs motions for leave to proceed *in forma pauperis* at the appellate level, and requires a petitioner "who desires to appeal *in forma pauperis*" to "file a motion in the district court." With the motion, the petitioner "must attach an affidavit that: (A) shows in detail . . . the party's inability to pay . . . ; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." Id. See also 28 U.S.C. §1915(a). The court finds that the petitioner has complied with the requirement that he show an inability to pay, because he has filed the court's standard affidavit, on which he has included information on his finances. Dkt. No. 35; Dkt. No. 35-1 at 6-11. The court finds, however, that the petitioner has not claimed an entitlement to redress.

3

The court may not grant a motion to waive the filing fee if it determines that the petitioner has "not taken [the appeal] in good faith." 28 U.S.C. §1915(a)(3). A petitioner makes an appeal in good faith when the appeal is "nonfrivolous." Lee v. Clinton, 209 F.3d 1025, 1027 (7th Cir. 2000). "[T]o sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." Id. at 1026. "District courts must not 'apply an inappropriately high standard when making good faith determinations,' and denial of a certificate of appeal does not necessarily warrant denial of *in forma pauperis* status." Grant v. Pollard, No. 14-C-1005, 2014 WL 6645306, at *1 (E.D. Wis. Nov. 24, 2014) (quoting Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998)).

Neither the original petition nor the petitioner's subsequent briefs contained any viable constitutional claims. The petitioner has not provided any argument or case law in his application to proceed *in forma pauperis* remedying that deficiency. Accordingly, the court will deny the petitioner's motion for leave to appeal *in forma pauperis*. Under 28 U.S.C. §1915(a)(3), the court certifies that the petitioner has not taken the appeal in good faith, and the court determines that the petitioner may not proceed *in forma pauperis* on appeal.

The petitioner incurred the filing fee by filing the notice of appeal. Newlin v. Helman, 123 F.3d 429, 433-34 (7th Cir. 1997), rev'd on other grounds by Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000); Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000). This court will deny the request to proceed *in forma pauperis*, which means that the petitioner must pay the full filing fee of $505 within

4

**fourteen (14) days** of this order. Seventh Circuit Rule 3(b). Failure to pay in full within fourteen days may result in dismissal of the appeal. Id.

The court **DENIES** the petitioner's motion to reconsider its denial of his request for a certificate of appealability (Dkt. No. 35). The court also **DENIES** the petitioner's motion to proceed *in forma pauperis* on appeal (Dkt. No. 35-1). The court **ORDERS** the petitioner to pay $505 to the clerk of the district court within **fourteen (14) days** of the date of this order.

Dated in Milwaukee, Wisconsin this 1st day of February, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge