IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID MARSHALL,

Petitioner,

v.

STATE OF WISCONSIN,

Respondent.

Case No. 13-cv-111-pp

**ORDER DENYING PETITIONER'S SECOND MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS* AS MOOT (DKT. NO. 43), DENYING PETITIONER'S MOTION FOR RECONSIDERATION (DKT. NO. 39), AND GRANTING MOTION FOR AUTHORIZATION TO PAY APPELLATE FILING FEE FROM RELEASE ACCOUNT (DKT. NO. 48)**

On January 30, 2013, David Marshall, representing himself, filed a petition for *habeas corpus* relief. Dkt. No. 1. On January 4, 2016, the court denied and dismissed the petition, and declined to issue a certificate of appealability. Dkt. No. 27. On January 19, 2016, the petitioner filed a motion for extension of time to file a notice of appeal. Dkt. No. 29. The court construed the motion as the petitioner's notice of appeal, and directed the clerk's office to docket the motion as a notice of appeal. Dkt. No. 30.

On January 19, 2016, the clerk's office docketed the notice of appeal, Dkt. No. 31, and transmitted the notice and docket sheet to the United States Court of Appeals for the Seventh Circuit. Dkt. Nos. 33, 34. On January 25, 2016, the Court of Appeals sent back to this court the petitioner's request for a certificate of appealability, Dkt. No. 35, and his motion to proceed *in forma*

1

*pauperis* on appeal, Dkt. No. 35-1. On February 1, 2016, this court issued an order denying the petitioner's request for certificate of appealability and his application to proceed *in forma pauperis*. Dkt. No. 36.

On February 10, 2016, the petitioner filed a second motion for leave to appeal *in forma* pauperis. For some reason, this second motion did not appear on this court's docket until February 22, 2016. Because the court already has denied a similar motion (Dkt. 36), and because the court will deny his motion for reconsideration, the court will deny the February 10, 2016 motion for leave to appeal *in forma pauperis* as moot.

The petitioner also filed a motion asking the court to authorize the prison to pay the appellate filing fee from his release account. Dkt. No. 48. The Prison Litigation Reform Act (PLRA) requires the court to collect filing fees from a "prisoner's account." 28 U.S.C. §1915(b). The term "prisoner's account" encompasses both a prisoner's release account and general account. Spence v. McCaughtry, 46 F. Supp. 2d 861, 862 (E.D. Wis. 1999). However, "given the purpose of the release account to provide funds to the prisoner upon his or her release from incarceration, the Court does not deem it prudent to routinely focus on the release account as the initial source of funds to satisfy the filing fee payment requirements of the PLRA." Smith v. Huibregtse, 151 F. Supp. 2d 1040, 1042 (E.D. Wis. 2001). Nevertheless, upon request, a court may allow a plaintiff to pay a filing fee, or a portion thereof, out of his release account. Doty v. Doyle, 182 F. Supp. 2d 750, 752 (E.D. Wis. 2002).

The plaintiff's desire to pay his initial partial filing fee with funds from his release account is clear, and he represents that his release account contains adequate funds to cover the fee. Accordingly, the court will grant the plaintiff's motion to pay the fee with funds in his release account.

On February 15, 2016, the petitioner filed a motion asking this court to reconsider that decision. Dkt. No. 39. For the reasons stated below, the court will deny the motion.

"Technically, a 'Motion for Reconsideration' does not exist under the Federal Rules of Civil Procedure." Talano v. Northwestern Med. Faculty Foundation, Inc., 273 F.3d 757, 760 n.1 (7th Cir. 2001). However, "[m]otions may exist as a matter of general practice. And that's what the Supreme Court has held." United States v. Rollins, 607 F.3d 500, 502 (7th Cir. 2010). The petitioner did not identify the rule under which he was bringing his motion, but the Federal Rules of Civil Procedure provide two possible options.

First, Rule 59(e) allows a party to file "[a] motion to alter or amend a judgment . . . no later than 28 days after the entry of judgment." In this case, the petitioner filed his motion to reconsider fourteen days after the court entered its February 1, 2016 order. Therefore, the petitioner's motion would be timely under Rule 59(e). But Rule 59(e) motions serve a very limited purpose in civil litigation. A court may alter or amend a judgment pursuant to Rule 59(e) only when the movant presents newly discovered evidence or where there has been a manifest error of law or fact. Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006) (citing Bordelon v. Chi. Sch. Reform Bd. of Trs., 2333

3

F.3d 524, 529 (7th Cir. 2000)). Rule 59(e) requires that the movant "clearly establish" one of the aforementioned grounds for relief. Id. (citing Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)).

The plaintiff's motion does not satisfy the requirements of Rule 59(e). He does not argue that the court made a manifest error of law, nor does he identify any newly discovered evidence. Instead, he states, "I had to rush to put something together for the court, and I didn't do my best on stating my constitutional right." Dkt. No. 39 at 2. He then re-explains the claims he alleged in his petition. He also states that he has shown "the inability to pay" the filing fee. Id. at 4.[1] That the petitioner didn't do as thorough a job as he might have liked in crafting his petition, or that he is incarcerated in a facility which sometimes limits his ability to access the law library,[2] or that he is indigent, are not sufficient bases upon which to grant relief under Rule 59(e).

The second "reconsideration" option is Rule 60(b), which allows the court to grant relief from a judgment or order. Whether a court should analyze a motion under Rule 59(e) or 60(b) depends on the substance of the motion, not

---

[1] The court disagrees. On February 3, 2016, the petitioner filed his prisoner trust fund account statement. Dkt. No. 37. That document shows that, as of February 2, 2016, the petitioner had a balance of $828.09 in his trust account. This demonstrates that he has the ability to pay the $505 filing fee and still have a balance of about $323.09 to use at the commissary or to make other purchases at his institution.

[2] It also appears that the petitioner is referring to his motion to extend time—which the court construed as a notice of appeal—in explaining that he was rushed. He talks about how the institution was on lock-down while he was preparing the pleading which he thinks was not "his best." But the pleading that the court dismissed was his *petition,* which he filed in 2013; presumably the institution was not on lock-down in 2013, and the petitioner did have time to state all of his arguments in his petition.

on the label the plaintiff affixes to it. Obreicht v. Raemisch, 517 F.3d 489, 493 (7th Cir. 2008) (citing Borrero v. City of Chicago, 456 F.3d 698, 701-02 (7th Cir. 2006)). This court may, on its own, review the arguments in the petitioner's motion to determine whether Rule 60 affords him any relief—even if he didn't ask the court to look at Rule 60.

A court may vacate a judgment or order under Rule 60(b) for several reasons, including mistake and excusable neglect. Fed. R. Civ. P. 60(b). However, "'Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.'" Karraker v. Rent-A-Center, Inc., 411 F.3d 831, 837 (7th Cir. 2005) (quoting Cinncinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc., 131 F.3d 625, 628 (7th Cir. 1997)).

The petitioner has not alleged mistake, excusable neglect, or exceptional circumstances. In fact, he notes that his situation reflects what many prisoners face: over-crowded facilities, limited access to the law library, and limited financial resources. The court acknowledges the difficulties an incarcerated litigant faces, but those difficulties do not justify the granting of an extraordinary remedy under Rule 60.

The court **DENIES AS MOOT** the petitioner's February 10, 2016 motion to proceed *in forma pauperis* on appeal (Dkt. No. 43). The court **ORDERS** that the plaintiff's motion to pay his initial partial filing fee with funds from his release account (Dkt. No. 48) is **GRANTED**.

The court further **ORDERS** that the warden of Waupun Correctional Institution shall withdraw $505.00 from the plaintiff's release account and

5

forward that sum to the clerk of court as payment for the initial partial filing fee in this action. The warden shall make such payment by **March 25, 2016**.

The court **DENIES** the petitioner's motion for reconsideration (Dkt. No. 39).

The court will mail a copy of this order to the warden of Waupun Correctional Institution.

Dated in Milwaukee, Wisconsin this 29th day of February, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge